Jeffrey T. Murray (ASB # 19223)
SIMS MURRAY, LTD.
2020 North Central Ave., Suite 670
Phoenix, Arizona 85004
Telephone: (602) 772-5503
Fax: (602) 772-5509
jtmurray@simsmurray.com
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| MARK ORGERON, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>TOWN OF QUARTZSITE, a municipal corporation of the State of Arizona; JOSE LIZARRAGA, in his official capacity as the ostensible mayor of the Town of Quartzsite; BARBARA COWELL, in her official capacity as the ostensible vice mayor and an ostensible member of the Town Council of the Town of Quartzsite; PATRICIA ANDERSON, in her official capacity as a member of the Town Council of the Town of Quartzsite; NORMA JEAN CROOKS, in her official capacity as a member of the Town Council of the Town of Quartzsite; MICHAEL JEWITT, in his official capacity as a member of the Town Council of the Town of Quartzsite; CAROL KELLEY, in her official capacity as a member of the Town Council of the Town of Quartzsite; PATRICIA WORKMAN, in her official capacity as a member of the Town Council of the Town of Quartzsite; and TERRY FRAUSTO, in her official capacity as the Quartzsite Town Clerk,<br><br>  Defendants. | No.  CV 12-1238-PHX-ROS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF** |

The thrust of Plaintiff's supplemental brief is that this Court must analyze A.R.S. §9-232 under a strict scrutiny analysis.  However, Plaintiff acknowledges that courts from around the country have applied all three analyses when reviewing candidate durational residency requirements; strict scrutiny (*Chimento*, *Sununu*), heightened or intermediate scrutiny (*In re Election of November 8, 2011*), and rational basis review (*Clements v.*

*Fashing*).  Regardless of the test applied, in fact even when strict scrutiny was applied in *Chimento* and *Sununu*, the Supreme Court summarily affirmed a durational residency requirement.  Quite simply, a durational residency requirement applied to a candidate for a public office is not a per se violation of the Constitution.  If it were, resolution of this matter would be simple and the case law from around the nation would be uniform.[1]

Regardless, Plaintiff attempts to distinguish the case at bar, a candidate for municipal office, from those matters pertaining to candidates for state office.  This distinction fails in light of the Arizona Supreme Court's decision in *Triano v. Massion*, 109 Ariz. 506, 513 P.2d 935 (1973).  In discussing Tucson's <u>municipal</u> residency requirement, the Arizona Supreme Court recognized that "although there is case law to the contrary," as far as the Arizona Court was concerned, a municipal durational residency requirement did not violate the Constitution.  In its Opinion, the Arizona Court quoted with approval from a federal district court addressing an Oklahoma statute, <u>enacted by the Oklahoma Legislature</u>, requiring a six-month residency for the office of State Legislator.  *Draper v. Phelps*, 351 F.Supp. 677 (W.D. Okla.1972).  The Arizona Supreme Court recognized no distinction between state and municipal offices.

To the extent Plaintiff further attempts to distinguish A.R.S. §9-232 passed by the legislature, from a state constitutional provision or a city charter provision, approved by the voters, this distinction also fails.  As noted above in *Triano*, the Arizona Supreme Court addressed a city charter provision and did not distinguish a charter from a legislative enactment.  Additionally, the district court in *Draper* also upheld a provision enacted by the <u>Oklahoma Legislature</u>.  And in *MacDonald v. Henderson*, 818 F.Supp 303, 305 (D. Nevada 1993), another case relied on by Plaintiff to distinguish the case at bar, the district court specifically stated:

---

[1] Plaintiff's suggestion that the Supreme Court somehow adopted a strict scrutiny test by their summary affirmance of *Chimento* and *Sununu* is, at best, a stretch.  The Court did not address the merits, instead merely affirming that a durational residency requirement did not violate the Constitution.  Plaintiff provides no support for or against the position that the Supreme Court would have also summarily affirmed a district court opinion based on a rational basis analysis.  The only conclusion evident from the authority is that Supreme Court agreed that a durational residency requirement was in fact, perfectly permissible under the Constitution.

> …clearly nothing in the language of either of these sections indicates that the *City of Henderson acting in conjunction with the Nevada Legislature and the Governor of Nevada*, cannot place a reasonable residency requirement upon a candidate running for its City Council. Indeed, as established by the Nevada Supreme Court, *the Nevada Legislature may impose reasonable qualifications on an elector who desires to become a candidate*, and in order to be a qualified elector under the Nevada Constitution, there is no requirement that an individual be a qualified voter. (emphasis added)

As noted in previous papers, A.R.S. §9-232 has been the law in Arizona for decades, if not longer; yet it does not appear that it has ever been challenged by referendum or otherwise. The Tenth Amendment to the Constitution says that all powers not delegated to the United States are reserved for the States. As noted in *Sununu*, the State has the power and a compelling interest to impose eligibility requirements for elective office. 383 F.Supp. 1287, 1290 (D.N.H.1974). Therefore, to the extent it was a legislative enactment as opposed to an initiative by the people offers no support for Plaintiff's position. Plaintiff has cited no authority for the position that a statute enacted by the legislature is less important or less enforceable than a statute enacted by initiative. Plaintiff's attempted distinction fails.

Curiously, Plaintiff acknowledges that a durational residency requirement may be upheld, even under strict scrutiny, if in fact the issues of the electorate are "extremely localized." (Plaintiff's Supp. Auth., 6) citing *Howlett v. Salish and Kootenal Tribes*, 529 F.2d 233, 243-44 (9th Cir.1976). With all due respect to the Town of Quartzsite and its residents, this Court would be hard-pressed to find an Arizona municipality with more extremely localized issues. Mayors being recalled and reelected is only one of several unique issues facing councilmembers and would-be councilmembers in Quartzsite. It is unlikely that there is a municipality in this State with as much need for an elected body truly committed to and residing in (not just inhabiting) the Town. In fact, although membership in a Native American Indian Tribe is alone enough to distinguish *Howlett* from the case at bar, the court's language may be instructive.

> (The candidate) must have the special capacities that will enable him to perform the office he seeks, and his possession or lack of possession of those capacities need to be exposed to those who will make the choice. Nonexposure of . . . candidates with voters choosing from lack of knowledge, is a much more serious strain on the sinews of democracy. *Id*.

Finally, Plaintiff argues that the statute is unconstitutional "as-applied" to him. As noted in previous papers, this does not appear to be an "as-applied" challenge to the constitutionality of A.R.S. §9-232 or Quartzsite §2-1-10. Rather, this argument appears to be nothing more than an appeal of the Council's determination that Plaintiff had not been a resident of Quartzsite for one year or more at the time of the election. However, the constitutionality of this long-standing state statute, supported by an Opinion of the Arizona Supreme Court, should not be used so lightly. Plaintiff's remedy is, and always has been in state court, where he could have had an expedited hearing, but still has an adequate state law (quo warranto) remedy. The constitutionality of the statutes at hand should not rise or fall based on a factual determination of Plaintiff's residency.

Even if this Court were to perform an as-applied analysis, given the importance of sufficient ties to the community and the Supreme Court's determination that a waiting period is an insignificant interference with the right to run for office, it is difficult to imagine any scenario under which the statutes could be found to violate Plaintiff's constitutional rights. Even an erroneous determination of Plaintiff's residency does not equate to a violation of his Constitutional rights under the Privileges and Immunities Clause or the Due Process Clause.

Plaintiff cannot make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms. The only way to preserve the status quo is for this Court to deny the application for temporary restraining order and preliminary injunction.

//

//

//

RESPECTFULLY SUBMITTED this 27th day of June, 2012.

**SIMS MURRAY, LTD.**

/s/ Jeffrey T. Murray
Jeffrey T. Murray
2020 North Central Ave., Suite 670
Phoenix, Arizona  85004
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2012, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Kory A. Langhofer
Micheal T. Liburdi
Eric H. Spencer
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren Street, Suite 1900
Phoenix, Arizona 85004-2202
Attorneys for Plaintiff

/s/ Julie Van Roekel