Jeffrey T. Murray (ASB # 19223)
SIMS MURRAY, LTD.
2020 North Central Ave., Suite 670
Phoenix, Arizona 85004
Telephone: (602) 772-5503
Fax: (602) 772-5509
jtmurray@simsmurray.com
Attorneys for Defendant Town of Quartzsite

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARK ORGERON, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>TOWN OF QUARTZSITE, a municipal corporation of the State of Arizona; JOSE LIZARRAGA, in his official capacity as the ostensible mayor of the Town of Quartzsite; BARBARA COWELL, in her official capacity as the ostensible vice mayor and an ostensible member of the Town Council of the Town of Quartzsite; PATRICIA ANDERSON, in her official capacity as a member of the Town Council of the Town of Quartzsite; NORMA JEAN CROOKS, in her official capacity as a member of the Town Council of the Town of Quartzsite; MICHAEL JEWITT, in his official capacity as a member of the Town Council of the Town of Quartzsite; CAROL KELLEY, in her official capacity as a member of the Town Council of the Town of Quartzsite; PATRICIA WORKMAN, in her official capacity as a member of the Town Council of the Town of Quartzsite; and TERRY FRAUSTO, in her official capacity as the Quartzsite Town Clerk,<br><br>    Defendants. | No.  CV 12-1238-PHX-ROS<br><br>**ANSWER TO FIRST AMENDED VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Respondent, the Town of Quartzsite ("Town" or "Defendant"), by and through its

attorney undersigned, for their Answer to Plaintiff's Verified Complaint for Declaratory

and Injunctive Relief alleges and states as follows:

**NATURE OF THE CASE**

1.     Answering paragraph 1, Town admits the allegations therein.

2.     Answering paragraph 2, Town admits only that Ed Foster ("Foster") obtained more votes than other mayoral candidates for the office of Mayor.  Town affirmatively alleges that Foster was not qualified to be seated as the Mayor.  Town denies all allegations not specifically admitted herein.

3.     Answering paragraph 3, Town admits only that Mark Orgeron ("Orgeron") obtained more votes than other council candidates.  Town affirmatively alleges that Orgeron was not qualified to be seated on the Council.  Town denies all allegations not specifically admitted herein.

4.     Answering paragraph 4, Town denies the allegations therein.

5.     Answering paragraph 5, Town denies the allegations therein.

**PARTIES**

6.     Answering paragraph 6, Town admits only that Plaintiff was an elector in the Town at the time of the election.  Town denies that Plaintiff was duly elected to the Council.  Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

7.     Answering paragraph 7, Town admits the allegations therein.

8.     Answering paragraph 8, Town admits that the Mayor was the Mayor prior to the 2012 election.  Town denies that the Mayor's term ended on the date of the election. Town affirmatively alleges that pursuant to state statute, A.R.S. §§9-234, 9-821, 16-642(A) and 38-295(B), the Mayor and Council do have continuing authority within the Town until the votes are canvassed and the candidates are qualified.

9.     Answering paragraph 9, Town admits that the Vice-Mayor was the Vice-Mayor prior to the 2012 election.  Town denies that Orgeron was qualified to sit on the Council. Town denies that the Vice-Mayor's term ended on the date of the election. Town affirmatively alleges that pursuant to state statute, A.R.S. §§9-234, 9-821, 16-

642(A) and 38-295(B), the Vice-Mayor and Council do have continuing authority within the Town until the votes are canvassed and the candidates are qualified.

10.     Answering paragraph 10, Town admits the allegations therein.

11.     Answering paragraph 11, Town admits the allegations therein.

## JURISDICTION AND VENUE

12.     Answering paragraph 12, Town denies the allegations therein.   Town affirmatively alleges that based on the pleadings and papers filed thus far, it does not appear that Plaintiff has a claim for violation of any federal rights.   Accordingly, this Court would not have subject matter or supplemental jurisdiction over any of the Counts alleged in Plaintiff's First Amended Complaint.   Count IV is subject to further briefing after which this Court may determine that it has subject matter and supplemental jurisdiction.

13.     Answering paragraph 13, Town denies the allegations therein.   Town affirmatively alleges that based on the pleadings and papers filed thus far, it does not appear that Plaintiff has a claim for violation of any federal rights.   Accordingly, this Court would not have subject matter or supplemental jurisdiction over any of the Counts alleged in Plaintiff's First Amended Complaint.   Count IV is subject to further briefing after which this Court may determine that it has subject matter and supplemental jurisdiction.

14.     Answering paragraph 14, Town admits the allegations therein.

15.     Answering paragraph 15, Town admits the allegations therein.

16.     Answering paragraph 16, Town denies the allegations therein.

## FACTUAL BASIS OF CLAIMS

### Background of Plaintiff Orgeron

17.     Answering paragraph 17, Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

18.     Answering paragraph 18, Town admits that Plaintiff was a qualified elector within the Town.  Town denies that Plaintiff had been a resident for one year preceding the date of the election.

19.     Answering paragraph 19, Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

20.     Answering paragraph 20, Town admits the allegations therein.

**Orgeron's Residence in the Town**

21.     Answering paragraph 21, Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

22.     Answering paragraph 22, Town denies the allegations therein.

23.     Answering paragraph 23, Town admits the allegations therein.

24.     Answering paragraph 24, Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

25.     Answering paragraph 25, Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

26.     Answering paragraph 26, Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

27.     Answering paragraph 27, Town admits the allegations therein.

28.     Answering paragraph 28, Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

29.     Answering paragraph 29, Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

30.     Answering paragraph 30, Town admits the allegations therein.

31.     Answering paragraph 31, Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

32.     Answering paragraph 32, Town denies the allegations therein.   Town affirmatively alleges that Plaintiff's agreement to treat the residence as his primary residence was limited, subject to conditions, and not indefinite.

33.     Answering paragraph 33, Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

34.     Answering paragraph 34, Town denies that Plaintiff has resided in Quartzsite since the purchase of the home.  Town is without sufficient information to form a belief as to the truth of the allegations regarding Plaintiff's move into the home and therefore denies the same.

35.     Answering paragraph 35, Town admits the allegations therein.

36.     Answering paragraph 36, Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

37.     Answering paragraph 37, Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

38.     Answering paragraph 38, Town admits the allegations therein.

39.     Answering paragraph 39, Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

40.     Answering paragraph 40, Town admits the allegations therein.   Town affirmatively alleges that from 1996 to 2011, Plaintiff voted one time, in November 2008, and that was in Yuma County.

### The 2012 Election

41.     Answering paragraph 41, Town admits the allegations therein.

42.     Answering paragraph 42, Town admits the allegations therein.

43.     Answering paragraph 43, Town admits the allegations therein.

44.     Answering paragraph 44, Town admits only that the numbers alleged in the First Amended Complaint appear to be correct.  Town denies all allegations not admitted herein.

45.     Answering paragraph 45, Town admits the allegations therein.

46.     Answering paragraph 46, Town admits the allegations therein.

47.     Answering paragraph 47, Town admits the allegations therein.

48.     Answering paragraph 48, Town admits the allegations therein.

49.     Answering paragraph 49, Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

50.     Answering paragraph 50, Town admits the allegations therein as to the tally of the votes.   Town denies the implication that either the Vice-Mayor or Winslow were somehow prohibited from taking further action as councilmembers pending the canvassing of the votes and the qualification of the newly elected councilmembers.

51.     Answering paragraph 51, Town denies the allegations therein.

52.     Answering paragraph 52, Town denies the allegations therein.

53.     Answering paragraph 53, Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

### Disqualification of the Mayor Elect

54.     Answering paragraph 54, Town admits the allegations therein.

55.     Answering paragraph 55, Town admits only that the minutes attached thereto appear to be correct.   A true and correct copy of the minutes is a public record available from the Town.

56.     Answering paragraph 56, Town admits the allegations therein.   Town affirmatively alleges that the Council retained its power and authority pending the canvass of the votes and the qualifications of the newly elected.

57.     Answering paragraph 57, Town admits the allegations therein.

58.     Answering paragraph 58, Town admits the allegations therein.

59.     Answering paragraph 59, Town denies the allegations therein.

### Disqualification of Plaintiff Orgeron

60.     Answering paragraph 60, Town admits the allegations therein.

61.     Answering paragraph 61, Town denies that the Vice-Mayor had a conflict of interest.   Town admits that the Vice-Mayor voted not to qualify Plaintiff for the position of councilmember.

62.     Answering paragraph 62, Town admits the allegations therein.   Town affirmatively alleges and clarifies its admission as follows: the Town Council determined

that Plaintiff was a qualified voter residing in Yuma County until June 28, 2011. Town further affirmatively alleges that residency is determined by more than mere physical presence.

63.    Answering paragraph 63, Town denies the allegations therein. Town affirmatively alleges that any legal advice provided by the Town Attorney to the Council in executive session is privileged, confidential, and not admissible.

64.    Answering paragraph 64, Town admits only that Plaintiff provided documents to the Council, but deny that those documents prove he resided in Quartzsite.

65.    Answering paragraph 65, Town denies the allegations therein. The Minutes of the meeting referenced therein speak for themselves, such that Plaintiff's interpretation of same is inappropriate and requires no further response. Town affirmatively alleges that any legal advice provided by the Town Attorney to the Council in executive session is privileged, confidential, and not admissible.

66.    Answering paragraph 66, Town denies the allegations therein.

67.    Answering paragraph 67, Town admits the allegations therein.

68.    Answering paragraph 68, Town admits only that the public notice attached thereto appears to be correct. A true and correct copy of the public notice is a public record available from the Town.

69.    Answering paragraph 69, Town admits only that the draft minutes attached thereto appear to be correct. A true and correct copy of the minutes is a public record available from the Town.

70.    Answering paragraph 70, Town admits the allegations therein.

71.    Answering paragraph 71, Town admits the allegations therein. Town affirmatively alleges that pursuant to state statute, A.R.S. §§9-234, 9-821, 16-642(A) and 38-295(B), the Mayor and Council do have continuing authority within the Town until the votes are canvassed and the candidates are qualified.

72.    Answering paragraph 72, Town admits the allegations therein. Town affirmatively alleges that pursuant to state statute, A.R.S. §§9-234, 9-821, 16-642(A) and

38-295(B), the Mayor and Council do have continuing authority within the Town until the votes are canvassed and the candidates are qualified.

### Preclearance of Town Code §2-1-10(B)

73.     Answering paragraph 73, Town admits only that Town Code § 2-1-10(B) was adopted by the Town in 2009.  Town denies any allegation not specifically admitted herein.

74.     Answering paragraph 74, the Statutes referenced therein speak for themselves, such that Plaintiff's interpretation of same is inappropriate and requires no further response.   The Town therefore denies the allegations therein.   Town further affirmatively alleges that the allegations contained herein are subject to further briefing before this Court.

75.     Answering paragraph 75, Town denies the allegations therein. Town further affirmatively alleges that the allegations contained herein are subject to further briefing before this Court.

**COUNT I**
**42 U.S.C. § 1983: DECLARATORY AND INJUNCTIVE RELIEF**
**FOR VIOLATIONS OF FEDERAL RIGHTS**
**(The Mayor, the Vice Mayor, Anderson, Crooks, Jewitt, Kelley, Workman, and the Town Clerk)**

76.     Answering paragraph 76, Town incorporates by reference herein its answers to paragraphs 1-75 above.

77.     Answering paragraph 77, Town denies the allegations therein.  Further, the statute referenced therein speaks for itself, such that Plaintiff's interpretation thereof is inappropriate and requires no further response.

78.     Answering paragraph 78, Town admits the allegations therein.

79.     Answering paragraph 79, Town denies the allegations therein.

80.     Answering paragraph 80, Town admits only that the Council is acting under color of state law.  Town denies all allegations not specifically admitted herein.

81.     Answering paragraph 81, Town denies the allegations therein.

82.    Answering paragraph 82, Town denies the allegations therein.

83.    Answering paragraph 83, Town denies the allegations therein.

## COUNT II
### ARIZ. REV. STAT. § 12-1831 to -1832: DECLARATORY AND INJUNCTIVE RELIEF FOR MISCONSTRUCTION OF STATE LAW
**(The Town, the Mayor, the Vice Mayor, Anderson, Crooks, Jewitt, Kelley, Workman, and the Town Clerk)**

84.    Answering paragraph 84, Town incorporates by reference herein its answers to paragraphs 1-83 above.

85.    Answering paragraph 85, Town denies the allegations therein.

86.    Answering paragraph 86, Town denies the allegations therein.

87.    Answering paragraph 87, Town denies the allegations therein.

88.    Answering paragraph 88, Town denies the allegations therein.

89.    Answering paragraph 89, Town denies the allegations therein.

90.    Answering paragraph 90, Town denies the allegations therein.

## COUNT III
### ARIZ. REV. STAT. § 12-1831 to -1832: DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATIONS OF STATE LAW
**(The Town, the Mayor, the Vice Mayor, Anderson, Crooks, Jewitt, Kelley, Workman, and the Town Clerk)**

91.    Answering paragraph 91, Town incorporates by reference herein its answers to paragraphs 1-90 above.

92.    Answering paragraph 92, Town denies the allegations therein.

93.    Answering paragraph 93, Town admits the allegations therein.   Town affirmatively alleges that the State Legislature recently enacted legislation A.R.S. §16-311 – SB 1137.

94.    Answering paragraph 94, Town denies the allegations therein.

95.    Answering paragraph 95, Town denies the allegations therein.

96.    Answering paragraph 96, Town denies the allegations therein.

97.    Answering paragraph 97, Town denies the allegations therein.

9

98.    Answering paragraph 98, Town denies the allegations therein.

**COUNT IV**

**42 U.S.C. § 1983: DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATIONS OF FEDERAL RIGHTS**
**(The Mayor, the Vice Mayor, Anderson, Crooks, Jewitt, Kelley, Workman, and the Town Clerk)**

99.    Answering paragraph 99, Town incorporates by reference herein its answers to paragraphs 1-98 above.

100.    Answering paragraph 100, Town admits the allegations therein.

101.    Answering paragraph 101, Town denies the allegations therein.

102.    Answering paragraph 102, Town admits that the Council is acting under color of state law.

103.    Answering paragraph 103, Town denies the allegations therein.

104.    Answering paragraph 104, Town denies the allegations therein.

105.    Answering paragraph 105, Town denies the allegations therein.

**AFFIRMATIVE DEFENSES**

106.    The Town hereby incorporates all affirmative defenses set forth in Fed.R.Civ.P. 8(c) and 12(b).

107.    Plaintiff lacks standing.

108.    The court lacks jurisdiction.

109.    Plaintiff failed to avail himself of adequate state law remedies.

110.    Plaintiff failed to state a claim upon which relief can be granted.

111.    Plaintiff failed to name and join a necessary party.

**WHEREFORE**, Town prays for relief as follows:

A.    That this Court, upon review of the applicable law and the relief requested in Plaintiff's First Amended Verified Complaint for Declaratory and Injunctive Relief, deny all relief requested by Plaintiff herein.

B.    That this court award Town its costs and reasonable attorneys' fees incurred herein.

10

1    C.    That this court award Town any other just and equitable relief.

2

3    DATED this 13th day of July, 2012.

4

5                                    SIMS MURRAY, LTD.

6                                    /s/ Jeffrey T. Murray

7                                    Jeffrey T. Murray
                                     2020 North Central Ave., Suite 670
8                                    Phoenix, Arizona  85004
                                     Attorneys for Town of Quartzsite
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

Defendant Town of Quartzsite offers the following verification.

STATE OF ARIZONA     )
                     ) ss.
COUNTY OF LA PAZ     )

I, Alex Taft, the Manager for the Town of Quartzsite, do hereby declare under penalty of perjury that I have read the foregoing Answer to Plaintiff's First Amended Verified Complaint, and that I know of the contents contained therein; and that the same are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 13th day of July, 2012.

Alex Taft
Manager for the Town of Quartzsite

11

1

**CERTIFICATE OF SERVICE**

2

3

4

I hereby certify that on July 13, 2012, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

5

6

7

8

9

Kory A. Langhofer
Micheal T. Liburdi
Eric H. Spencer
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren Street, Suite 1900
Phoenix, Arizona 85004-2202
Attorneys for Plaintiff

10

11

/s/ Julie Van Roekel

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28