Jeffrey T. Murray (ASB # 19223)
SIMS MURRAY, LTD.
2020 North Central Ave., Suite 670
Phoenix, Arizona  85004
Telephone: (602) 772-5503
Fax: (602) 772-5509
jtmurray@simsmurray.com
Attorneys for Defendant Town of Quartzsite

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| MARK ORGERON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF QUARTZSITE, a municipal corporation of the State of Arizona; JOSE LIZARRAGA, in his official capacity as the ostensible mayor of the Town of Quartzsite; BARBARA COWELL, in her official capacity as the ostensible vice mayor and an ostensible member of the Town Council of the Town of Quartzsite; PATRICIA ANDERSON, in her official capacity as a member of the Town Council of the Town of Quartzsite; NORMA JEAN CROOKS, in her official capacity as a member of the Town Council of the Town of Quartzsite; MICHAEL JEWITT, in his official capacity as a member of the Town Council of the Town of Quartzsite; CAROL KELLEY, in her official capacity as a member of the Town Council of the Town of Quartzsite; PATRICIA WORKMAN, in her official capacity as a member of the Town Council of the Town of Quartzsite; and TERRY FRAUSTO, in her official capacity as the Quartzsite Town Clerk,<br><br>Defendants. | No. CV 12-01238-PHX-ROS<br><br>**DEFENDANTS' SECOND SUPPLEMENTAL BRIEFING IN RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Pursuant to this Court's order following the Preliminary Injunction hearing on July 12, 2012, Defendants hereby provide Supplemental Briefing on the two areas in which the Court expressed that it had some remaining questions.

# ISSUES

**A.   QUALIFICATION OF CANDIDATES**

At the inception and conclusion of the preliminary injunction hearing held on July 12, 2012, the Court expressed concern regarding two issues. The first of these issues concerned the qualification of candidates for Town office. Specifically, it was not clear to the Court whether a sitting Council had the authority to judge the qualifications of the newly-elected councilmembers. The answer to the Court's question is provided by reference to the applicable state statutes.

   1.   **A.R.S. §38-295(B)**

   38-295. Term of office; discharge of official duties after expiration of term; appointment to fill unexpired term
   B. *Every officer shall continue to discharge the duties of the office, although the term has expired, until a successor has qualified.* ….

   2.   **A.R.S. §9-234(A)**

   9-234. Power of council to regulate proceedings; records
   A. *The common council shall judge the elections, qualifications and returns of its members.* ….

   3.   **A.R.S. §9-821**

   9-821. Law governing municipal elections
   The manner of conducting and voting at elections of a city or town, of keeping the poll lists, counting and canvassing the votes, certifying the returns, declaring the results and notifying the persons elected, contesting the election, and all acts relating to the election, shall conform to the provisions of law relating to the general election of county officers as nearly as possible, except that the returns shall be made to the clerk of the city or town, and *the governing body of the city or town shall canvass the returns, declare the result and issue the certificates of the election.*

As specifically set forth in A.R.S. §38-295(B), the sitting Council is called upon to continue to sit and act as the Council, "although the term has expired, until a successor has qualified." And pursuant to A.R.S. §§9-234 and 9-821, it is the sitting Council that is called upon to "judge the elections, qualifications, and returns of its members" and to "canvass the returns, declare the result and issue the certificates…" Clearly, former mayor Lizarraga and council woman Cowell were acting in accordance with state law

when they reviewed, judged and voted on the qualifications of mayor-elect Foster and councilmember-elect Orgeron. There was no conflict of interest and no inappropriate action nor any improprieties whatsoever.

The Court was concerned with the language of the Town Code, specifically, §2-1-3. That provision states that "Council Members shall assume the duties of office at the regularly scheduled Council meeting next following the date of the general election at which, or effective as of the date of which, the Council Members were elected." Though perhaps not artfully written, the Town Code must be reviewed, analyzed, and applied consistently with the applicable state statutes. If one were to simply read the Town Code without appropriate reference to applicable state statutes, one might incorrectly argue that any newly elected Council Member would be entitled to immediately take his or her seat at the next Council meeting, regardless of whether the votes were canvassed or the members were qualified. This would be an erroneous position given the Council's statutory requirements to both canvass the returns and qualify the members. To review the Code in a vacuum without reference to the applicable state statutes would be an oversimplification of the election process and Council's ongoing requirements until the entire election process is complete.

**B.  STANDING**

At the conclusion of the evidentiary preliminary injunction hearing, the Court indicated that it was concerned with the Plaintiff's standing. The Court seemed to indicate that under the original complaint, the Plaintiff may not have had standing to bring this matter. However, the Court also seemed to indicate that because the First Amended Complaint added a count under 42 U.S.C. §1973b, the Voter Rights Act, this Court may now have both original and supplemental jurisdiction over the remaining counts in the complaint.

As this Court is well-aware, in order to have supplemental jurisdiction under 28 U.S.C. §1367, the "other claims" must be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy…" 28 U.S.C.

§1367(a). However, the Court may decline supplemental jurisdiction over claims that are novel or complex under state law or the state law claims substantially predominate. 28 U.S.C. §1367(c). As Judge Anderson noted in *Randall v. Nelson & Kennard, LVNV*, 2009 WL 2710141 (2009), the Supreme Court has identified a host of factors to consider when deciding whether to exercise supplemental jurisdiction: "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims." *Id.*, citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614 (1988). The state law claims in this matter predominate, and accordingly this Court should decline jurisdiction over the remaining counts.

**1. Counts I and II**

Even if this Court determines that it has original jurisdiction over the §1973c claim, it does not necessarily follow that it has jurisdiction over any of the other counts in the first amended complaint. First, the amended complaint contains two counts totally unrelated to the §1973c count. Counts I and II two relate to the named Plaintiff only, but are in no way related to or dependent on Count IV. In fact, the reasons for not qualifying Plaintiff have nothing to do with the Town Ordinance allegedly at issue in Count IV. Counts I and II are not part of the same case or controversy.

   **a.  Count I**

As to count one, as set forth in the papers previously filed in this Court, Plaintiff would have this Court believe that Count I was brought pursuant to §1983 as an alleged violation of the privileges and immunities clause. However, as the Supreme Court stated in *Snowden v. Hughes*, 321 U.S. 1, 6-7, 64 S.Ct. 397 (1944), "The right to become a candidate for state office, like the right to vote for the election of state officers, (citations omitted) is a right or privilege of state citizenship, not of national citizenship which alone

is protected by the privileges and immunities clause."[1]  Accordingly, based on the allegations in Plaintiff's complaint, no cause of action exists for Count I.

### b. Count II

Count Two is a request for declaratory relief under state law, alleging that the Defendants "misconstrued" state law. This is plaintiff's entire case, and it belongs in the state courts. It is dependent on a state statute, A.R.S. §9-232, and it is dependent on local facts and matters of local concern, i.e. his lack of residency within the Town. In fact, at the evidentiary hearing, Plaintiff admitted that he didn't know when he formed his intent to reside in Quartzsite. He testified that it was sometime in 2011, but he couldn't identify a specific date. The Defendants do not dispute that Plaintiff registered to vote in La Paz County, on or about June 28, 2011, thus giving some indication that Plaintiff intended to reside in Quartzsite at that time. However, Plaintiff's own testimony suggests that he hadn't formed his intent prior to 2011, thereby negating any evidentiary value in those documents that predate 2011.

Regardless, this matter should have been nothing more than a state action challenging the Council's decision to not qualify the Plaintiff. Alternatively, Plaintiff had relief in the form of a quo warranto action, which is now pending and which was pending before any substantial action had been taken in this Court. This Court should not reward Orgeron by granting supplemental jurisdiction based on such a tangentially related matter as the would-be mayor's right to assume office. Finally, Plaintiff had, but failed to avail himself, of a state law remedy pursuant to A.R.S. §16-671 et seq. Had he availed himself of this state remedy rather than filing this federal litigation, the state court would have determined his right to assume his seat on Council within fifteen (15) days. Instead, the parties have engaged in near endless briefing and incurred untold attorneys' fees over a period in excess of 40 days. Additionally, had the state court issued its decision but passed on the question of constitutionality, Orgeron could then have sought review by the

---

[1] It is unclear why Plaintiff believes this case has been reversed or overruled. That's why the Defendants cited to a recent federal district court case in their Supplemental Briefing, to indicate that federal courts continue to rely on *Snowden*.

federal courts. However, as this Court noted, had the state court determined that the Council acted inappropriately in not qualifying Orgeron, review in this court likely would have been unnecessary.

The allegations relating to Plaintiff's alleged damages set forth in Counts I and II are based entirely on state law and this Court should not rely on Count IV to exercise supplemental jurisdiction. Many courts, both state and federal, have reviewed durational residency requirements for candidates and have found that they are perfectly legal and constitutional. The Supreme Court and the Arizona Supreme Court have addressed this issue. *See Clements v. Flashing*, 457 U.S. 957, 102 S.Ct. 2836, 73 L.Ed.2d 508 (1982); *Triano v. Massion*, 109 Ariz. 506, 513 P.2d 935 (1973).

**2. Counts III & IV**

Even if this Court has jurisdiction to hear Plaintiff's allegation of violation of 42 U.S.C. §1973c, that matter must be heard by a three judge district court panel. 42 U.S.C. §1973c(a). Additionally, there may be no remedy available to Plaintiff. For example, in *Luper v. Anchorage*, 268 F.Supp.2d 1110 (D.Alaska 2003), after receiving an indication from the Attorney General that he would not be challenging Anchorage's new ordinance, the three judge panel determined that there was no remedy, even though the law had not been precleared prior to the election. The fact that the law was ultimately precleared before the conclusion of the litigation was sufficient.

This case is no different. The Town inadvertently failed to submit Ordinance 09-15 to the Attorney General for preclearance. That unintentional failure can be remedied by submitting the ordinance for review now, and waiting the appropriate time. In fact, the Town has now submitted the subject ordinance to the Department of Justice for review. Importantly, 42 U.S.C. §1973 is aimed at protecting voting inequities based on race and color. Ordinance 09-15 is race and color neutral. There is no invidious regulation and it is almost certain that the Attorney General will approve the ordinance as race neutral. Therefore, even if the ordinance was relied on by the Town without preclearance, there is

likely no remedy for such a nominal violation in the face of a race neutral ordinance that would and will likely be approved by the Attorney General.

By filing Count IV, Plaintiff is clearly trying to bootstrap Count three into this Court's jurisdiction. However, as this Court previously suggested in its proposed order, Plaintiff likely has no standing to seek declaratory relief on behalf of Foster. More importantly, Plaintiff was never denied the right to vote, not even for the candidate of his choosing. Quite simply, the candidate he did vote for was not qualified to hold office. Regardless, it is abundantly clear that application of Ordinance 09-15 to Foster has no impact on Plaintiff. Further, Plaintiff has suffered no individualized harm as a result of the Council's disqualification of Foster. Plaintiff did not owe a debt to the Town and was not a candidate for mayor, so no relief granted by this Court as to Count III will have any impact on Plaintiff. Therefore, even if this Court accepts jurisdiction as to Count IV to find that the Town violated 42 U.S.C. §1973c by failing to preclear Ordinance 09-15, this doesn't necessarily impact Count III.

Count III seeks another state law declaration. Once again, this is nothing more than a state special action challenging the Council's decision to not qualify Foster. Plaintiff does not even allege that the Town violated any rights guaranteed by the Constitution. And the remedy sought in the Complaint is not available under §1973c. "The language of the statute - "*may* not be enforced" - suggests prospective relief. Moreover, in *Berry v. Doles,* 438 U.S. 190, 192, 98 S.Ct. 2692, 2693, 57 L.Ed.2d 693 (1978), and *N.A.A.C.P. v. Hampton County Election Commission,* 470 U.S. 166, 179, 105 S.Ct. 1128, 1135–36, 84 L.Ed.2d 124 (1985), the Supreme Court directed that appropriate relief under section 5 should include an order allowing 30 days for the state to submit the covered changes to the Attorney General for approval." *N.A.A.C.P. v. Hampton County,* 470 U.S. at 182, 105 S.Ct. at 1137; *Berry,* 438 U.S. at 192–93, 98 S.Ct. at 2693–94. Brooks v. State Bd. of Elections, 775 F. Supp. 1470, 1482 (S.D. Ga. 1989) aff'd sub nom. Brooks v. Georgia State Bd. of Elections, 498 U.S. 916, 111 S. Ct. 288, 112 L. Ed. 2d 243

1  (1990) and aff'd sub nom. Georgia State Bd. of Elections v. Brooks, 498 U.S. 916, 111 S.
2  Ct. 288, 112 L. Ed. 2d 243 (1990).

3  As noted above, the Town has now submitted the Ordinance to the Attorney General for preclearance. The appropriate remedy is not to accept supplemental jurisdiction over Counts I – III. Rather, those counts should be dismissed because Plaintiff has not established a likelihood of success on the merits. As to Count IV, the only appropriate remedy is to wait to hear from the Attorney General.

## C.  CONCLUSION

Plaintiff was a candidate for the elected position of councilman. Yet, he seeks to bootstrap an unrelated argument on behalf of a non-party who sought the elected position of mayor. Plaintiff was not qualified because of the length of his residency. The candidate for mayor was not qualified for reasons wholly unrelated to residency. The only tie between the two separate disqualifications is that they arose out of the same election cycle. There are no other similarities. As noted in *Clements*, 457 U.S. at 966, "A litigant has standing to challenge the constitutionality of a statute only insofar as it adversely affects his own rights. (citation omitted)." The disqualification of the purported mayor has no adverse impact on the Plaintiff.

Traditional standing requirements are not lost in a matter brought pursuant to 42 USC 1973c. *See LaRoque v. Holder*, 650 F.3d 777, 781-82, 791-92 (D.C. Cir. 2011) (plaintiffs must establish "an 'injury in fact'- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical," citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)); and (Certainly, if Nix lacked a concrete, particularized, redressable injury and was instead seeking only to vindicate "the right, possessed by every citizen, to require that the Government be administered according to law," he would have no standing to challenge section 5.), citing *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 482–83, 102 S.Ct. 752, 70 L.Ed.2d 700

(1982) (internal quotation marks omitted); and see also *Bond v. United States*, 131 S.Ct. 2355, 2366–67 (2011).

This is no different than the Plaintiff in this matter. Orgeron is seeking to enforce the rights possessed by every citizen of Quartzsite. He is challenging Ordinance 09-15 as a resident and citizen of Quartzsite, but not because the Ordinance was or could have been applied to him. In fact, the Ordinance does not apply to him and he was not disqualified on the basis of this Ordinance. As such, he has suffered no individualized injury that would be redressable by this Court. To the extent Orgeron claims that Foster's disqualification somehow injures Orgeron personally, this alleged injury is nothing more hypothetical conjecture. He must show an individualized harm and he has not. Orgeron has no standing to bring this claim on behalf of Foster.

As set forth herein and in the Town's prior papers, preservation of the status quo requires that this Court deny the application for preliminary injunction, and allow the sitting Council to remain in place pending a final determination of Plaintiff's right to assume office as determined in the La Paz County quo warranto action.

DATED this 18th day of July, 2012.

**SIMS MURRAY, LTD.**

/s/ Jeffrey T. Murray
Jeffrey T. Murray
2020 North Central Ave., Suite 670
Phoenix, Arizona  85004
Attorneys for Town of Quartzsite

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2012, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Kory A. Langhofer
Micheal T. Liburdi

1  Eric H. Spencer
   SNELL & WILMER L.L.P.
2  One Arizona Center
3  400 East Van Buren Street, Suite 1900
   Phoenix, Arizona 85004-2202
4  Attorneys for Plaintiff

   /s/ Mira Martinez