1  Kory A. Langhofer (#024722)
   Michael T. Liburdi (#021894)
2  Eric H. Spencer (#022707)
   SNELL & WILMER L.L.P.
3  One Arizona Center
   400 East Van Buren Street, Suite 1900
4  Phoenix, Arizona 85004-2202
   Telephone: (602) 382-6000
5  Attorneys for Plaintiffs

6

7                  **IN THE UNITED STATES DISTRICT COURT**

8                    **FOR THE DISTRICT OF ARIZONA**

9  MARK ORGERON,                        No. CV-12-01238-PHX-ROS

10                    Plaintiff,         **PLAINTIFF'S RESPONSE TO
                                          DEFENDANTS' SECOND
11  v.                                    SUPPLEMENTAL BRIEF**

12  TOWN OF QUARTZSITE, *et al.*,

13                    Defendants.

14          Plaintiff Mark Orgeron ("Orgeron") hereby responds to the second supplemental

15  brief filed by the Defendants on July 18, 2012 (the "Second Supplemental Brief").

16          The issues are (1) whether the Defendants untimely disqualified the Mayor Elect

17  and Orgeron and (2) whether this Court has original and supplemental jurisdiction over

18  the various claims in the First Amended Verified Complaint.

19      **I.     TIMELINESS OF THE DISQUALIFICATIONS**

20          Orgeron agrees with the Defendants that, although Town Code § 2-1-3 facially

21  entitles successful candidates to take office immediately after polls close in the general

22  election, the Town Council must canvas the vote before the successful general election

23  candidates are entitled to take office.  Holding otherwise would controvert state law and

24  invite a "rush to the courthouse" after every close election, while votes are still being

25  counted.  *See also* Ariz. Rev. Stat. §§ 9-234(A), 9-821, 38-295(B) (entitling incumbents to

26  canvas elections and to hold office until their successors are qualified).

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
(520) 882-1200

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
(520) 882-1200

1    The Defendants' disqualification of the Mayor Elect and Orgeron was nonetheless

2    untimely.  The appropriate time for a challenge to the qualifications of the Mayor Elect

3    and/or Orgeron was before or immediately after the primary election.  State law allows

4    candidates to be challenged before or immediately after a primary election—and such

5    challenges may include challenges based on residency or any other qualifications for

6    office.   Ariz. Rev. Stat. §§ 16-351(B), 16-671, 16-672(A)(2).  By approving the primary

7    election results, and allowing both the Mayor Elect and Orgeron to proceed to the general

8    election, the Defendants presented the voters a false choice between "real" candidates

9    who would not be disqualified if elected and "fake" candidates whom the Defendants

10   never intended to qualify for office.   The delayed challenge prejudiced the voters,

11   including Orgeron, by depriving them of a genuine option in selecting their preferred

12   candidates in the general election (*i.e.*, essentially forcing the voters to elect the candidates

13   favored by the Town Council).

14   Because the Defendants failed to timely challenge the qualifications of the Mayor

15   Elect and Orgeron, and because the delay prejudiced the voters in the Town, including

16   Orgeron, the doctrine of laches prohibits them from doing so after the general election.

17   *See Save the Peaks Coalition v. United States Forest Serv.*, 669 F.3d 1025, 1031 (9th Cir.

18   2012) ("To establish laches, a party must demonstrate '(1) that the opposing party lacked

19   diligence in pursuing its claim; and (2) that prejudice resulted from that lack of

20   diligence.'" (citation omitted)).

21   **II.     ORIGINAL JURISDICTION**

22   This Court has original jurisdiction over both Count I and Count IV because "[t]he

23   district courts shall have original jurisdiction of all civil actions arising under the

24   Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

25   **a.  Count I**

26   Count I arises under the Due Process and Privileges and Immunities Clauses of the

27   Fourteenth Amendment to the U.S. Constitution, and therefore is within the original

28   jurisdiction of this Court.

### b.  Count IV

Count IV arises under 42 U.S.C. §§ 1973C and 1983 and therefore is within the original jurisdiction of this Court.

The U.S. Supreme Court has held that individual voters have standing to bring a private right of action to enforce the preclearance requirements of 42 U.S.C. § 1973C. *Allen v. State Bd. of Elections*, 393 U.S. 544, 554-57 (1969); *accord Perkins v. Matthews*, 400 U.S. 379 (1971).

Although the Defendants suggest that this Court does not have jurisdiction because Count IV must be tried before a three-judge panel, that issue is procedural and not jurisdictional.  To be sure, Count IV must be tried before a three-judge panel, 42 U.S.C. § 1973C(a)—but a "[a] single judge may conduct all proceedings except the trial" as to Count IV, and may issue orders (other than a preliminary injunction) as to Count IV, *see* 28 U.S.C. § 2284(b)(3).  Because there is no pending motion for a preliminary injunction as to Count IV (*i.e.*, the pending motion for preliminary injunction applies to Counts I, II, and III only), there is no need for the empanelment of additional judges at this time.  *See generally Perkins*, 400 U.S. at 383-387 (discussing the limited responsibilities of three-judge courts, and the importance of not vesting matters with a three-judge court without express statutory authorization).[1]  Plaintiff will, of course, move for the empanelment of a three-judge court before moving for summary judgment as to Count IV.  Regardless of when a three-judge court is empaneled, however, Count IV arises under federal statutes and is therefore within the original jurisdiction of this Court.  *See* 28 U.S.C. § 1331.  The issue is procedural and not jurisdictional.

### c.  Original Jurisdiction Is Unrelated to the Merits of the Claims

The Defendants argue strenuously that there is no original jurisdiction because Count I and Count IV will fail on the merits.  Putting aside the merits of the Count I and

---

[1]      Although the Plaintiff does not believe Section 1973C(a) requires a three-judge panel to review any issues other than the merits of Count IV, the Plaintiff would have no objection to the immediate empaneling of a three-judge court.  If this Court wishes to deem the Second Supplemental Brief as a motion for the empanelment of a three-judge court, or if the Defendants wish to move for the empanelment of a three-judge court immediately rather than waiting for the Plaintiff to do so, the Plaintiff would have no objection to such a motion.

Snell & Wilmer

L.L.P.

LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
(520) 882-1200

- 3 -

Count IV—which have already been briefed thoroughly as to Count I, and will be addressed in a subsequent motion for summary judgment as to Count IV—the Defendants' argument misconstrues the nature of original jurisdiction.

The question of federal jurisdiction is completely distinct from the likelihood of success on the merits.

> As frequently happens where jurisdiction depends on subject matter, the question whether jurisdiction exists has been confused with the question whether the complaint states a cause of action. The Judicial Code, in vesting jurisdiction in the District Courts, does not create causes of action, but only confers jurisdiction to adjudicate those arising from other sources which satisfy its limiting provisions. Petitioner asserted a cause of action under the [a federal law]. To determine whether that claim is well founded, the District Court must take jurisdiction, whether its ultimate resolution is to be in the affirmative or the negative. If the complaint raises a federal question, the mere claim confers power to decide that it has no merit, as well as to decide that it has.

*Montana-Dakota Utils. Co. v. Northwestern Pub. Serv. Co.*, 341 U.S. 246, 249 (1951); *accord Louisville & N. R. Co. v. Rice*, 247 U.S. 201, 203 (1918) ("If the plaintiff really makes a substantial claim under an act of Congress there is jurisdiction whether the claim ultimately be held good or bad."); *Bollard v. California Province of the Soc'y of Jesus*, 196 F.3d 940, 951 (9th Cir. 1999) ("Failure to state a claim under federal law is not the same thing as failure to establish federal question jurisdiction under 28 U.S.C. § 1331. Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits under Rule 12(b)(6)."). Accordingly, the Defendants' arguments as to the merits of Count I and Count IV are not properly categorized as jurisdictional arguments, and this Court must take jurisdiction and resolve those claims.[2]

---

[2] While the merits are irrelevant to the jurisdictional issue raised by this Court, the Plaintiff notes that, on the merits, both Count I and Count IV are valid claims.

As to Count I, the Defendants argue that the claim fails on the merits because there is no federal right to run for local office or to elect local politicians—but for the reasons discussed in the Plaintiff's Response to the Defendant's Supplemental Brief, that argument both oversimplifies the claim in Count I (which relies the federal right to travel *in addition to* the right to run for office and to select the candidate of one's choosing) and relies on *Snowden v. Hughes*, 321 U.S. 1 (1944), which is no longer good law. Those arguments need not be restated here.

As to Count IV, the Defendants argue that, because Town Code § 2-1-10 might eventually be precleared pursuant to 42 U.S.C. § 1973C, the Plaintiff will have no remedy for his claim in Count IV. In reality, however, Town Code § 2-1-10 is very unlikely to receive preclearance. The

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
(520) 882-1200

Even if Count I and Count IV were very weak on the merits—which they are not—this Court has original jurisdiction over those claims because they arise under the U.S. Constitution and the U.S. Code.

### III.   SUPPLEMENTAL JURISDICTION

The Defendants argue that there is no supplemental jurisdiction for Count II or Count III.  This argument fails, for the reasons discussed below.

#### a.  Waiver

The Defendants have waived their arguments against supplemental jurisdiction.  At the preliminary injunction hearing on July 12, 2012, this Court asked counsel for the Defendants whether they agreed that, if there is federal jurisdiction for Count IV, the Court would have supplemental jurisdiction over the other claims in the First Amended Verified Complaint.  Counsel for the Defendants expressly agreed that the Court would, in fact, have supplemental jurisdiction in these circumstances.  The Defendants have therefore waived their arguments against supplemental jurisdiction.

#### b.  Exhaustion of State Law Remedies

The Defendants next argue that there is no supplemental jurisdiction over Count II because Orgeron failed to exhaust his state law remedies before initiating an action in federal court.  This argument fails for two reasons.

First, there is simply no requirement that a plaintiff "exhaust state law remedies" before entering federal court.   Holding otherwise would effectively eliminate supplemental jurisdiction, because all state claims would have been resolved in state court

_____

ordinance prohibits individuals from running for office if they either (a) owe money to the Town or (b) do not meet "certain standards of conduct."  Financial qualifications disproportionately burden racial and ethnic minorities, which historically are less affluent and more likely to have outstanding debts, and elections regulations that disproportionately affect racial and ethnic minorities will not be precleared.  *See* 28 C.F.R. § 51.52 (requiring rejection of an elections ordinance where the government cannot demonstrate that the change will have no discriminatory effects); *id.* § 51.54(b) (indicating that an elections ordinance will be found to have a discriminatory effect if it "will make members of [a racial or ethnic group] worse off than they had been before the change").  Furthermore, the imposition of "certain standards of conduct" is so vague and easily manipulated to exclude racial and ethnic minorities from office that it, too, will be denied preclearance.  *See id.* § 51.57(b) (considering whether an elections regulation was adopted with "objective guidelines and fair and conventional procedures").

before any federal actions are initiated.  The Defendants cite no authority in support of their exhaustion argument.

Second, although the Defendants argue that Orgeron should have filed an election contest pursuant to Ariz. Rev. Stat. § 16-671, *et seq.*, before initiating this action, *see* Second Supplemental Brief at 5, Orgeron would not have been able to raise the argument in Count II under the Arizona election contest statutes.  Section 16-672(A) of the Arizona Revised Statutes authorizes an elector to file an election contest for any of five specifically enumerated reasons.  Orgeron's claim in Count II—that a qualifications statute was misconstrued and misapplied—is not one of the five reasons for an elections contest under Section 16-672(A).  So even if Orgeron were required to exhaust state law remedies before initiating this action—which he was not—there was no remedy available to Orgeron for the issue in Count II under the state elections contest statute cited by the Defendants.

### c. All the Claims in This Case Are Part of the Same Case or Controversy.

Although Count II and Count III arise under state law, this Court has supplemental jurisdiction over those claims because "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

The claims in Count II and Count III are part of the case and controversy presented in Count I and Count IV.  Each of the claims involves the following common questions of fact and law:

- The identity and role of the plaintiff and each defendant, all of whom are parties to each count in the First Amended Verified Complaint.
- The adoption, meaning, and validity of Town Code § 2-1-10, which regulates the qualifications for *both* mayors *and* members of Town Council in the Town.

Snell & Wilmer
L.L.P.
LAW OFFICES
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
(520) 882-1200

- The conduct and results of the 2012 Elections.

- The June 4th Meeting, and the canvas of the 2012 Elections.

- The June 12th Meeting, and the fact that individuals other than the candidates who prevailed in the 2012 Elections have purported to exercise the powers of office.

- The filing of the *quo warranto* action, and the possible effects of the *quo warranto* action on Orgeron's legal claims and rights.

- The proper application of the qualifications statutes and ordinances to the candidates who received the most votes in the 2012 Elections.

On these facts, all four claims in this case are part of the same case or controversy and within the supplemental jurisdiction of the Court pursuant to Section 1367(a). *See Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) ("Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding.").

The Defendant's reading of the case and controversy requirement, meanwhile, is so narrow that virtually no case would ever qualify for supplemental jurisdiction, and would require the re-litigation of virtually every related issue in state court whenever there is not a directly applicable provision in the U.S. Constitution or the U.S. Code.  Supplemental jurisdiction was designed to avoid exactly that contingency, and to help conserve scarce judicial resources through the adjudication of all reasonably related claims in one judicial action.  *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (noting "judicial economy" as a relevant factor in the exercise of supplemental jurisdiction).

### d.  Supplemental Jurisdiction Is Not Discretionary in This Case.

The Defendants also note that, under 28 U.S.C. § 1367(c), this Court "may" decline supplemental jurisdiction if one of four factors is present.  In this case, none of the four factors is present, so supplemental jurisdiction is mandatory.

The first factor—whether the state law claims "raise[] a novel or complex issue of State law"—is not applicable here. Count II raises only factual issues, as there is no dispute as to the legal definition of residency under Arizona law. Count III, meanwhile, raises the straightforward question of whether the Town was authorized to adopt Town Code § 2-1-10, an issue as to which there are Arizona precedents on-point. There is, therefore, no "novel or complex issue of State law" in Count II or Count III.

The second factor—whether the state claims "substantially predominate[] over the claim or claims over which the district court has jurisdiction"—is also inapplicable. To be sure, the state law claims are a significant part of Orgeron's lawsuit, but it cannot be said that they "substantially predominate" over his federal claims. In fact, judging by the extent of the briefing on Count I and Count IV (*i.e.*, the federal claims), it appears that Orgeron's federal claims have so far been the most significant issues raised in these proceedings.

The third factor—whether "the district court has dismissed all claims over which it has original jurisdiction"—is clearly inapplicable. Neither Count I nor Count IV, the federal claims over which this Court has original jurisdiction, has been dismissed.

The fourth and final factor—whether there are "exceptional circumstances" and "compelling reasons for declining jurisdiction"—does not apply. The commonality of facts and legal questions between the federal and state law claims, as presented in this case, is typical for a supplemental jurisdictional case. There are no "extraordinary circumstances" or "compelling reasons" recommending against supplemental jurisdiction; in fact, to the extent there are extraordinary circumstances or compelling reasons bearing on supplemental jurisdiction, those circumstances and reasons recommend *in favor of* supplemental jurisdiction, as discussed below.

**e. Even if Discretionary, The Court Should Exercise Supplemental Jurisdiction in This Case.**

Even if one or more of the factors set forth in 28 U.S.C. § 1367(c) applies, so that supplemental jurisdiction is discretionary rather than mandatory, this Court should exercise supplemental jurisdiction over the state law claims in this action.

The Mayor Elect and Orgeron won the 2012 Elections—and voters in the Town are presently being deprived of their right to elect the candidates of their choosing. This Court can remedy that injustice almost immediately, because it has already reviewed the evidence and received full legal briefing on the merits of Counts I, II, and III. If the Court declines to exercise supplemental jurisdiction over Counts II and III, however, another court may be required to start from scratch, taking all the evidence again and receiving the same arguments on the merits of those claims—and the inevitable result will be further delay and expense for the parties, and a postponed remedy for the voters in the Town.

In these circumstances, even if supplemental jurisdiction is discretionary rather than mandatory, this Court should accept supplemental jurisdiction and reach the merits of Counts II and III.

**IV.   CONCLUSION**

For the reasons set forth above, this Court has jurisdiction over Counts I, II, III, and IV, and should grant the Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction.

RESPECTFULLY SUBMITTED this 19th day of July, 2012.

SNELL & WILMER L.L.P.

By  *s/ Kory A. Langhofer*
Kory A. Langhofer
Michael T. Liburdi
Eric H. Spencer
One Arizona Center
400 East Van Buren Street, Suite 1900
Phoenix, Arizona 85004-2202
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

*s/ Lynda Ficarra*